UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01990-FWS-DFM                                      Date: October 31, 2025
Title: Laura Griffin-Sanders v. General Motors, LLC

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                    Attorneys Present for Defendant:

Not Present                                                          Not Present

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION TO REMAND [15]**

In this case, Plaintiff Laura Griffin-Sanders brings claims under California's Song-Beverly Act, the federal Magnuson-Moss Warranty Act, and the California Commercial Code against Defendant General Motors, LLC related to an allegedly defective car. (*See generally* Dkt. 1-1 (Complaint, "Compl.").) Before the court is Plaintiff's Motion to Remand. (Dkt. 15 ("Motion" or "Mot.").) Defendant opposes the Motion. (Dkt. 17 ("Opposition").) Plaintiff filed a reply in support of the Motion. (Dkt. 19 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for November 13, 2025, is **VACATED** and off calendar. Based on the record, as applied to the relevant law, the Motion is **DENIED**.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits with more than $75,000 in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the court determines it

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01990-FWS-DFM                              Date: October 31, 2025
Title: Laura Griffin-Sanders v. General Motors, LLC

lacks subject matter jurisdiction, the action shall be remanded to state court.  28 U.S.C. § 1447(c).

        The burden of establishing subject matter jurisdiction falls on the defendant.  *See Gaus*, 980 F.2d at 566.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  But when "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence.  *Id.* at 88-89.

        In this case, Plaintiff argues "Defendant has failed to establish that this Court has jurisdiction, as Defendant has not carried its burden of establishing that the amount in controversy satisfies the jurisdictional threshold."[1]  (Mot. at 2.)  "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  Here, Plaintiff seeks "rescission of the purchase agreement," actual damages, restitution, "a civil penalty in the amount of two times Plaintiff's actual damages," "any consequential and incidental damages," "remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713," "costs and expenses of the suit, and [] Plaintiffs reasonable attorneys' fees, pursuant to Civil Code section 1794(d)," among other relief.  (Compl. ¶¶ 6, 23-24, 28, 57-58; *id.* at 8 (Prayer for Relief).)

        In the Notice of Removal, Defendant noted that "Plaintiff's allegations are indeterminate as to the amount in controversy because the Complaint fails to provide a clear and unambiguous statement as to actual damages composed of what Plaintiff paid less the applicable offsets such as mileage, rebate, and negative equity," but stated that Defendant's "preliminary investigation" revealed an "estimated [] purchase price for the subject 2017 Cadillac Escalade ESV to be $81,331.60" and an "estimated $6,525.26 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity," making "a plausible estimate of actual damages of $74,806.34."  (Dkt. 1 at 5,

_____

[1] Plaintiff does not challenge Defendant's contention that there is diversity of citizenship.  (*See* Notice of Removal at 3-4 (representing that Plaintiff is a citizen of California and Defendant is a citizen of Michigan and Delaware).)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01990-FWS-DFM                              Date: October 31, 2025
Title: Laura Griffin-Sanders v. General Motors, LLC

9.)  "Considering the combination of actual damages, civil penalties, past, and conservatively calculated future attorney's fees," Defendant argued that "the amount in controversy meaningfully exceeds $75,000."  (*Id.* at 6.)  The court finds Defendant met its burden to include in the Notice of Removal "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin*, 574 U.S. at 89; *see, e.g.*, *Gruber v. Gen. Motors LLC*, 2023 WL 6457136, at *2 (C.D. Cal. Oct. 3, 2023) (finding "the Song-Beverly Act claims alone place the amount in controversy above $75,000" when "GM alleged in the NOR that the average manufacturer's suggested retail price of [the relevant vehicle] was $38,875").

    With the Opposition, Defendant provided further evidence supporting the amount in controversy, including the Retail Installment Sale Contract, (Dkt. 17-2), and a Vehicle Transaction History Detail report reflecting the relevant vehicle's service history, (Dkt. 17-3).  The court finds the evidence submitted in Opposition meets Defendant's burden to demonstrate by a preponderance of the evidence that the amount in controversy requirement is satisfied.  *See Dart Cherokee Basin*, 574 U.S. at 88-89; (*see generally* Opp.).

    Plaintiff argues that Defendant failed to meet its burden to show the amount in controversy is met in the Notice of Removal and in Opposition because Defendant's "estimate of Plaintiff's *actual damages* is fatally speculative, as Defendant has provided no evidence to support such an assertion"; "Defendant's attempts to account for the statutory mileage offset are [also] *fatally speculative* and fall below meeting its burden on removal," "as Defendant offers nothing more than its own self-serving representation (without any evidentiary support) to assert a mileage offset; and recovery of civil penalties and attorney fees under the Song-Beverly Act are not sufficiently certain to be properly included in the amount-in-controversy calculation. (Mot. at 6-15; Reply at 1-8.)  The court is not persuaded.  The court finds Defendant has proffered sufficient allegations in the Notice of Removal and evidence with the Opposition to support its calculation of actual damages and the mileage offset.  *See Dart Cherokee Basin*, 574 U.S. at 88-89.  And the court does not find civil penalties and attorney fees to be so speculative, uncertain, or insufficiently supported as to undermine the court's conclusion that Defendant has carried its burden.  *See id.*  Indeed, Plaintiff alleges she is entitled to recover civil penalties, (Compl. ¶¶ 17, 24, 28; *id.* at 8), and "[w]hile courts may need to be wary of punitive damages inflating the amount in controversy as a general concern, not much scrutiny is needed when the Song-Beverly Act expressly states the contours of the damages, and Plaintiff requests that amount." *Zeto v. BMW of North America, LLC*, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16,

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01990-FWS-DFM                    Date: October 31, 2025
Title: Laura Griffin-Sanders v. General Motors, LLC

2020).  Accordingly, the court finds "civil penalties are not speculative and should be included."  *Id.*  Similarly, the court finds attorney fees are properly included in the amount in controversy because Plaintiff seeks them, the Song-Beverly Act provides for recovery of attorney fees, and Defendant's estimate of attorney fees is reasonable and adequately justified. *See* Cal. Civ. Code § 1794(d); *Fritsch*, 899 F.3d at 794; (Compl. at 8).

In sum, the court finds that Defendant has met its burden to plausibly allege in the Notice of Removal and show with evidence by a preponderance of the evidence in Opposition that the amount in controversy exceeds $75,000 and complete diversity exists between the parties.  *See Dart Cherokee Basin*, 574 U.S. at 88-89.  The Motion is therefore **DENIED**.

_____